UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| HELEN TAYLOR, as Special Administrator of the Estate of George Taylor, deceased, | CIV. 09-4170-KES |
| Plaintiff, | |
| vs. | ORDER |
| PILOT TRAVEL CENTERS, LLC, | |
| Defendant. | |

Plaintiff, Helen Taylor as special administrator[1] of the estate of George Taylor, filed a wrongful death suit against defendant, Pilot Travel Centers, LLC, alleging negligence. Helen seeks compensatory and punitive damages. The parties are now in the discovery stage of litigation. Helen moves to compel certain discovery from Pilot and for sanctions. Pilot resists the motion. The motion to compel is granted in part.

Pilot moves for summary judgment. Helen resists the motion and contends that she needs additional time to complete discovery. The motion for summary judgment is denied without prejudice.

---

[1] After commencing this lawsuit, Helen passed away. Helen and George left three adult children, Karen Taylor, Adam Taylor, and Jason Taylor. Helen's attorneys plan to appoint a new special administrator. Docket 15 at 1 n.1.

## BACKGROUND

In the light most favorable to Pilot, the nonmoving party, the pertinent facts to this order are as follows: George died on August 23, 2009, after being struck by a vehicle while he was in Pilot's truck stop located at 5301 North Cliff Avenue, Sioux Falls, South Dakota. Helen alleges that Pilot owed George a duty to have adequate lighting in its parking lot and that its breach of this duty caused George's death.

During discovery, Helen served Pilot with a first set of interrogatories, which sought information about the death of Gregory Zuba, who was also allegedly struck by an automobile and died in Pilot's parking lot at the 5301 North Cliff Avenue center about four years earlier. Interrogatory number 5 asks:

> Did you or your insurer conduct an investigation of the death of Gregory Zuba on your lot? If so, please state:
>
> (a) Who participated in the investigation;
> (b) Title of each person who participated in the investigation;
> (c) Current titles of each person who participated in the investigation;
> (d) What was done to investigate his death;
> (e) What, if anything, was done by the Defendant to change anything on its lot after receiving the results of the investigation;
> (f) Why the changes referred to in paragraph (e) above were made; and
> (g) If no changes were made on your lot after receiving the results of the investigation, why no changes were made.

Docket 15 at 2. Pilot refused to answer:

> Defendant objects to the extent this Interrogatory seeks information that is neither admissible nor calculated to lead to the

> discovery of admissible evidence. Defendant further objects to this Interrogatory to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, or otherwise constitutes information developed specifically in anticipation of litigation.

Docket 15 at 2. Helen also made a request for production of documents relating to Zuba's death: "Produce any and all documents related to the death of Gregory Zuba at Pilot Truck Stop on or about November 9, 2005." Docket 15 at 2, Request Number 5. Pilot objected: "Defendant objects to the production of documents in this interrogatory as seeking information that is not relevant or calculated to lead to the discovery of admissible evidence, as well as protected by the attorney-client privilege and the work product doctrine." Docket 15 at 2.

Helen's counsel contacted Pilot's counsel at least four times in two months, but the parties were unable to resolve the discovery dispute. Helen then filed this current motion.

## DISCUSSION

### I.   Relevancy

Pilot disputes whether the information sought by Helen is relevant. The federal discovery rules allow for discovery that "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). While Rule 26(b) forbids "fishing expeditions in discovery," the relevancy standard for "discovery is broader than in the context of admissibility." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 352 (1978)). " 'For discovery purposes, the court need

only find that the circumstances surrounding other accidents are similar enough that discovery concerning those incidents is reasonably calculated to lead to the uncovering of substantially similar occurrences.' " *Enron Corp. Sav. Plan v. Hewitt Assocs., L.L.C.*, 258 F.R.D. 149, 166 (S.D. Tex. 2009) (quoting *Lohr v. Stanley-Bostitch, Inc.*, 135 F.R.D. 162, 164 (W.D. Mich. 1991)); *see also Nickell v. Flight Options, LLC*, No. 3-10-CV-1323-D, 2010 WL 3784497, at *3 (N.D. Tex. 2010) (holding that discovery of other lawsuits involving the defendant was "reasonably calculated to lead to the uncovering of substantially similar occurrences.").

Helen seeks discovery relating to the death of Zuba at the same Pilot station where George died nearly four years later. Both men died as a result of hit-and-run accidents while standing near the fueling islands at the same travel center. George was hit about fifteen feet away from where Zuba was hit. Helen believes this information is relevant to Pilot's knowledge about the lighting conditions at its travel center and whether George's death was foreseeable. Zuba's accident is similar enough to George's accident that discovery concerning Zuba's accident could reasonably lead to the uncovering of admissible evidence.

Pilot argues that the information sought is not relevant. To support its argument, Pilot relies on cases and rules concerning the ***admissibility*** of "other acts" evidence. For example, Pilot relies on *Lovett v. Union Pacific Railroad Co.*, 201 F.3d 1074 (8th Cir. 2000), for setting "a very restrictive

4

standard for a showing of substantial similarity." Docket 17 at 4. In *Lovett*, the Eighth Circuit upheld the district court's exclusion from introduction into evidence of four similar accidents involving the car that allegedly caused injury to the plaintiff because, for numerous reasons, the accidents were not substantially similar. 201 F.3d at 1081. But *Lovett* did not address whether the parties could seek ***discovery*** of evidence regarding these other accidents.

The Eighth Circuit has held that the relevancy standard for discovery is broader than the relevancy standard for admissibility of evidence. *Hofer*, 981 F.2d at 380. Pilot's other arguments are unpersuasive because Pilot relies on cases discussing the relevancy standard for admitting evidence, not the relevancy standard for discovery. Consequently, the evidence sought by Helen in interrogatory number 5 and request for production number 5 is relevant under Rule 26(b).

## II.     Attorney Work Product

Pilot contends that any discovery relating to Zuba's accident is attorney work product because it was prepared in anticipation of litigation, and, therefore, cannot be discovered. Helen believes that the doctrine does not protect the information that she seeks.

Federal law applies in a diversity case where a party asserts attorney-work product as a ground for not producing the requested information. *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000). The federal rules provide that "[o]rdinarily, a party may not discover documents and tangible

5

things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A). The Eighth Circuit has articulated the following test to determine whether requested discovery is attorney work product:

> [T]he test should be whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation. But the converse of this is that even though litigation is already in prospect, there is no work product immunity for documents prepared in the regular course of business rather than for purposes of litigation.

*Simon v. G.D. Searle & Co.*, 816 F.2d 397, 400 (8th Cir. 1987) (citing 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2024 (1970)). "The focus is on whether specific materials were prepared in the ordinary course of business, or **were principally promoted** by the prospect of litigation." 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2024 (4th ed. 2010) (emphasis added). The party resisting discovery bears the burden to prove that the material sought is protected by the work product doctrine. *Rabushka ex rel United States v. Crane Co.*, 122 F.3d 559, 566 (8th Cir. 1997).

    There are two kinds of attorney work product, ordinary and opinion work product. *Baker*, 209 F.3d at 1054. "Ordinary work product includes raw factual information." *Id.* (citing *Gundacker v. Unisys Corp.*, 151 F.3d 842, 848 n.4 (8th Cir. 1998)). "Opinion work product includes counsel's mental impressions,

6

conclusions, opinions or legal theories." *Id.* (citing *Gundacker*, 151 F.3d at 848 n.5). "Ordinary work product is not discoverable unless the party seeking the discovery has a substantial need for the materials" and "cannot obtain the substantial equivalent" without that requested discovery. *Id.* (citing Fed. R. Civ. P. 26(b)(3)). "[O]pinion work product enjoys almost absolute immunity . . . ." *Id.*

Pilot, relying on *Ashmead v. Harris*, 336 N.W.2d 197 (Iowa 1983), argues that Pilot and its insurance company investigated Zuba's death in anticipation of litigation arising out of that accident. In *Ashmead*, the Iowa Supreme Court reasoned "that a routine investigation of an accident by a liability insurer is conducted in anticipation of litigation within the meaning of [the work-product doctrine]. Even though litigation may not be imminent, the primary purpose of the investigation is to be prepared to defend a third party claim." *Id.* at 201.

The *Ashmead* test, however, was expressly overruled by the Iowa Supreme Court in *Wells Dairy, Inc. v. American Industrial Refrigeration, Inc.*, 690 N.W.2d 38, 48 (Iowa 2004). The *Wells Dairy* court adopted the Wright & Miller test and further held that "[i]f documents 'would have been created in essentially similar form irrespective of the litigation . . . it [cannot] fairly be said that they were created because of' actual or impending litigation." *Id.* (quoting *United States v. Adlman*, 134 F.3d 1194, 1202 (2d Cir. 1998)). Pilot also cites numerous other cases to supports its argument, but these cases do not present controlling Eighth Circuit precedent. Consequently, Pilot's reliance on *Ashmead* and its other arguments are unpersuasive.

Pilot failed to meet its burden that **all** documents requested by Helen are protected by the work product doctrine because it has not shown that the documents related to Zuba's accident were principally prepared because of the prospect of litigation.[2] Because opinion work product enjoys almost absolute immunity, however, the court will conduct an in camera review of any documents that Pilot believes contain the opinions of Pilot's or its insurance company's attorneys. Pilot should record any document that constitutes opinion work product in its privilege log and submit the documents and the log to the court for an in camera review.

### III. Attorney-Client Privilege

State law supplies the rules of decision for attorney-client privilege in diversity cases. Fed. R. Evid. 501. Thus, because this is a diversity case and South Dakota law is the governing substantive law, South Dakota law also supplies the law on privilege. The party claiming privilege has the burden to establish that the privilege exists. *Dakota, MN & E. R.R. Corp. v. Acuity*, 771 N.W.2d 623, 637 (S.D. 2009) (citing *State v. Catch the Bear*, 352 N.W.2d 640, 645 (S.D. 1984)).

---

[2] Even if Pilot met its burden in showing that the requested information is attorney work product, it appears that most, if not all, of the information is only ordinary work product and would be discoverable. Zuba's accident happened nearly four years ago by a hit-and-run driver and resulted in Zuba's death. Helen could not obtain the substantial equivalent without the requested discovery, and, thus, the information is discoverable.

"When a party withholds information otherwise discoverable by claiming that the information is privileged . . . the party must expressly make the claim; and describe the nature of the documents . . . ." Fed. R. Civ. P. 26(b)(5)(A). The South Dakota Supreme Court has reasoned that when a party claims that the attorney-client privilege protects a document, it should submit a privilege log to the party requesting the information. *Acuity*, 771 N.W.2d at 637; *see also Rabushka*, 122 F.3d at 566 (reasoning that a party resisting discovery "me[ets] its burden of providing a factual basis for asserting the privileges when it produce[s] a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its . . . counsel." (citing *Zar v. S.D. Bd. of Examiners of Psychologists*, 976 F.2d 459, 463-64 (8th Cir.1992))). When documents may contain information protected by the attorney-client privilege, the South Dakota Supreme Court encourages courts to conduct an in camera review of the documents. *See Acuity*, 771 N.W.2d at 637; *Arnoldy v. Mahoney*, 791 N.W.2d 645, 650 (S.D. 2010).

Pilot did not provide Helen with a privilege log. Pilot's sole objection on attorney-client privilege grounds is that the discovery requests as currently written are overbroad:

> The discovery requests at issue here are so overbroad as to include even written correspondence between current counsel and Defendant in the current matter, so long as it relates to questions like why changes were or were not made, as well as any documents that would arguably fall within the category of documents "related

9

> to the death of Gregory Zuba at Pilot Truck Stop on or about November 9, 2005." Such matters must be protected from disclosure.

Docket 17 at 9. This argument is generic and fails to describe the nature of the documents protected by the attorney-client privilege.

Pilot failed to meet its procedural duty and, thus, cannot meet its burden. But Pilot's failure to follow procedure should not result in attorney-client privileged information being released to the detriment of the client. As stated above, the court will conduct an in camera review of any documents that are allegedly attorney work product. If Pilot wants the court to review the documents that are allegedly protected by attorney-client privilege, it must create a privilege log and submit those documents for the court's in camera review.

## IV. Sanctions

Helen seeks attorney fees and costs associated with filing this motion. The federal rules provide that if a motion to compel is granted "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion . . . But the court must not order this payment if . . . the opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii).

Because the court has granted in camera review of documents purported to be protected by the attorney-client privilege and the attorney work product

doctrine, it is unknown whether a substantial justification exists for Pilot's refusal to answer interrogatory number 5 and response for production number 5. If, after the court conducts its in camera review, Helen still feels that sanctions are appropriate, she can resubmit her motion for costs and fees and Pilot can respond to Helen's arguments.

## V.  Summary Judgment

Pilot moves for summary judgment on all of Helen's claims. Under Rule 56, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may defer considering the motion or deny it" or "allow time to . . . take discovery." Fed. R. Civ. P. 56(d)(1),(2).

Helen's attorney submitted a Rule 56 affidavit stating that Helen has moved to compel discovery relating to Zuba's death and that this discovery is relevant to show Pilot's knowledge of the dangerous condition that allegedly contributed to George's death. Pilot's knowledge of the circumstances surrounding Zuba's death may be relevant to support Helen's wrongful death and punitive damages claims. Helen argues that with the additional requested discovery, she could more effectively oppose Pilot's summary judgment motion. Because Helen's motion to compel discovery relating to Zuba's death is granted, Pilot's motion for summary judgment is denied without prejudice. After the parties have completed the additional discovery as outlined above, Pilot may resubmit its summary judgment motion. Accordingly, it is

ORDERED that the plaintiff's motion to compel (Docket 14) is granted in part. Defendant has until **February 21, 2011**, to create a privilege log and submit to the court for in camera review the documents it believes are protected from disclosure by the attorney-client privilege or the attorney work product doctrine. All documents defendant determines are not protected from disclosure by the attorney-client privilege or work product doctrine will be disclosed to plaintiff by **February 21, 2011**. After the court conducts the in camera review, plaintiff will have **14 days** to resubmit its motion for sanctions and defendant will have **14 days** to respond.

IT IS FURTHER ORDERED that defendant's motion for summary judgment (Docket 18) is denied without prejudice.

Dated February 8, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE