UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| DAVID BLACK, as Special Administrator of the Estate of George Taylor, deceased, | ) ) ) ) | CIV. 09-4170-KES |
| Plaintiff, | ) ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SANCTIONS |
| vs. | ) ) ) | |
| PILOT TRAVEL CENTERS, LLC, | ) ) | |
| Defendant. | ) | |

Plaintiff, David Black,[1] as special administrator of the estate of George Taylor, filed suit against defendant, Pilot Travel Centers, LLC, alleging negligence in a wrongful death cause of action when a truck driver struck and killed Taylor in Pilot's parking lot. During discovery, Pilot refused to produce some documents related to a similar accident involving Gregory Zuba, which occurred five years earlier and did not result in a lawsuit against Pilot. After Black called Pilot's counsel and sent multiple emails requesting the information, Black moved to compel discovery. Pilot asserted that the attorney-client privilege and the work product doctrine protected the documents. Pilot did not provide Black with a privilege log.

---

[1] Helen Taylor, George Taylor's wife, initially brought this action as special administrator of George's estate. After commencing this lawsuit, Helen passed away and David Black, Helen's nephew, was substituted as the special administrator. Docket 33.

The court ordered Pilot to produce a privilege log and submit the documents to the court for an in camera review. The court denied Black's motion for sanctions without prejudice.

Pilot withheld two groups of documents: (1) miscellaneous documents protected by the attorney-client privilege and the opinion work product doctrine; and (2) documents prepared by Pilot's insurance investigator, which Pilot asserted were privileged. After reviewing the documents in camera, the court held that the first group of documents were not discoverable and the second set were. Docket 35.

Black now moves for Rule 37 sanctions and requests $3,609.00 in attorney's fees and $9.80 in expenses and an award of fees and expenses incurred in drafting the pending motion. Pilot resists. The motion is granted in part and denied in part.

## DISCUSSION

Federal Rule of Civil Procedure 37 governs when sanctions are appropriate for a party's failure to make disclosures in discovery. The court employs Rule 37(a)(5)(A) if the motion to compel is granted, which provides that sanctions are mandatory absent some limited exceptions. If the court grants the motion to compel in part and denies it in part, the court uses Rule 37(a)(5)(C), under which the court has discretion to award sanctions.

Black contends that Rule 37(a)(5)(A) controls the sanctions award in this case, because if Black had received a privilege log, he would not have requested

the first group of miscellaneous privileged documents and, thus, the court would have granted Black's motion in its entirety:

> Pilot cannot withhold a privilege log from Black, force him to file a motion to compel all documents, and then add documents into the privilege log that are clearly protected by the attorney-client privilege and work product doctrine in order to avoid being held to the standard in subsection 37(a)(5)(A). If the Court were to accept Pilot's tactics in this case, it would only encourage parties not to produce a privilege log with the benefit of avoiding sanctions by producing a privilege log after a motion to compel has been filed.

Docket 41 at 2. Black cites no precedent to support his argument.

Because the court granted Black's motion to compel in part and denied it in part and Black asserts no precedent to suggest that a case's facts, and not the court's holding on the motion to compel, dictate which portion of Rule 37 should be used, Rule 37(a)(5)(C) applies to Black's motion for sanctions.

Rule 37(a)(5)(C) provides that if a Rule 37 discovery motion "is granted in part and denied in part, the court . . . may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The district court has wide latitude in discovery and the appellate court reviews "discovery matters only 'for gross abuse of discretion resulting in fundamental unfairness in the trial of the case.'" *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 132 F.3d 1252, 1258 (8th Cir. 1998) (quoting *Prow v. Medtronic, Inc.*, 770 F.2d 117, 122 (8th Cir. 1985)). Similarly, the appellate court only reverses a Rule 37 monetary award if the district court abused its discretion. *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009)

(citing *Int'l Bhd. of Elec. Workers, Local Union No. 545 v. Hope Elec.*, 380 F.3d 1084, 1105 (8th Cir. 2004)).

In awarding Rule 37 expenses, "[t]he fault concept . . . remains central." 8B Charles Alan Wright, Richard L. Marcus & Arthur R. Miller, *Federal Practice and Procedure*, § 2284 (3d ed. 2010). Rule 37 allows for expenses as a sanction for improper conduct in discovery "to encourage extrajudicial discovery with a minimum of court intervention." *Id.* at § 2288. When the court overrules most of the objections to a motion to compel and those objections were not substantially justified, then sanctions in the form of expenses and fees are appropriate. *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 692 (D. Kan. 2004). "[T]hus is placed directly on attorneys a somewhat unique sanction to refrain from the frivolous, to weigh carefully considerations of relevancy and privilege, and to advise in accordance with their best judgment." Wright, Miller & Marcus § 2288 (quotation omitted).

### A. Privileged Documents

Regarding the first set of documents, South Dakota common law and the Federal Rules of Civil Procedure require a party to produce a privilege log if the party believes that documents sought during discovery are protected by the attorney-client privilege or the work product doctrine. *See, e.g.*, Fed. R. Civ. P. 26(b)(5)(a) ("When a party withholds information . . . claiming that the information is privileged . . . the party **must** . . . describe the nature of the documents, communications, or tangible things produced or disclosed . . . ."

4

(emphasis added)); *Dakota, Minn. & E. R.R. Corp. v. Acuity*, 771 N.W.2d 623, 637 (S.D. 2009) (reasoning that a party claiming that the attorney-client privilege protects against disclosure should submit a privilege log to the party requesting the information).

Pilot did not produce a privilege log to Black until the court ordered Pilot to do so. *See* Docket 28 at 8, 10 ("Pilot should record any document that constitutes opinion work product in its privilege log and submit the documents and the log to the court for an in camera review. . . . If Pilot wants the court to review the documents that are allegedly protected by the attorney-client privilege, it must create a privilege log . . . ."). Essentially, the court had to instruct Pilot to follow its ***mandatory*** obligation to produce a privilege log.

Black asserts that if Pilot had provided him with a privilege log before he filed his motion to compel, then Black would not have sought the privileged documents. Docket 38 at 3. Pilot responds: "Plaintiff now asserts that had he reviewed a privilege log, he would not have requested disclosure of the documents held privileged by the Court. Were the Court to accept this hindsight view of the matter, subsection 37(a)(5)(C) could become essentially meaningless." Docket 40 at 4.

Pilot's argument misses the mark. According to Black, if Pilot had provided a privilege log to him, Black would have agreed that the letters between Attorney Hanson and Pilot are protected by the attorney-client privilege and the documents with handwritten notes are protected by the work

product doctrine. *See* Docket 36 (describing the nature of the documents). Black would only have moved to compel the documents produced by the insurance adjuster regarding Zuba's death, which the court ultimately granted. Due to Pilot's failure to provide a timely privilege log, the parties and the court expended time and expense in resolving issues that Black most likely would not have raised if Pilot had followed the mandatory rule of providing a privilege log.

### B. Insurance Documents

Pilot continues to argue that it was justified in refusing discovery on the documents prepared by Pilot's insurance adjuster concerning Zuba's death. *See* Docket 40 at 5-6 (arguing that "the information in Pilot's possession was not only not relevant, but also not calculated to lead to the discovery of admissible evidence."). Because Pilot asserted the attorney-client privilege for the insurance documents, South Dakota state law applies. Fed. R. Evid. 501. In citing cases to support its position, however, Pilot only relies on cases outside South Dakota and does not address South Dakota precedent.

Furthermore, this court has already ruled that the information sought by Black is not only relevant but also that the general rule in South Dakota is that an insurance company's investigative materials are not protected by the work product privilege unless the documents were prepared for a specific event with a real possibility of becoming an actual adversary proceeding. Docket 35 at 6-7. Pilot beared the burden of proof on this issue but offered **no** colorable

6

evidence that Pilot faced a real possibility of an adversary proceeding related to Zuba's accident. Thus, the court found that Black could receive the documents in discovery. Docket 35 at 7-8. Pilot had no basis in objecting to disclosure of these documents, especially after the court's first order regarding the motion to compel, which stated that the evidence was relevant and discoverable. Docket 28 at 8.

### C. Amount of Fees and Expenses

Attorney's fees and expenses are appropriate under Rule 37(a)(5)(C) in this case. If Pilot had produced the mandatory privilege log, then Black would not have moved to compel on the first set of documents that are protected by the attorney-client privilege and the work product doctrine. Regarding the second group of documents, Black made no colorable argument and presented no convincing facts that the either the attorney-client privilege or the work product doctrine protected against disclosure of the documents.

Black requests attorney's fees in the amount of $3,609 and expenses in the amount of $9.80. Black also requests an award of attorney's fees and expenses incurred in drafting this motion for sanctions.

In determining whether the requested attorney's fees are reasonable, courts utilize the lodestar method. *See, e.g.*, *Walitalo v. Iacocca*, 968 F.2d 741, 747-48 (8th Cir. 1992) (remanding a case for the district court to use the lodestar method in calculating attorney fees); *Jorstad v. IDS Realty Trust*, 643 F.2d 1305, 1312-13 (8th Cir. 1981) (employing the lodestar calculation for

7

determining reasonable attorney's fees). Under the lodestar method, "the district court multiplies a reasonable number of hours for the work performed by a reasonable hourly rate." *Farmers Co-op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492, 500 (8th Cir. 2009) (citing *H.J., Inc. v. Flygt Corp.*, 925 F.2d 257, 259-60 (8th Cir. 1991)). "Next, the court may adjust the amount based upon the particular circumstances of the case." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Pilot objects to neither the hourly rates charged by Black's attorneys nor the amount of time spent in drafting the motion to compel. Black utilized three attorneys and a paralegal with varying hourly billing rates: a paralegal with a billing rate of $90 (1.1 hours); an associate with a rate of $150 (14.1 hours); a partner with a rate of $200 (3.6 hours); and a partner with a rate of $250 (2.7 hours). In total, the attorneys and paralegal expended 21.5 hours in researching, drafting, and reviewing the motion to compel and its supporting documents and reviewing Pilot's brief in opposition. Docket 39-1.

Due to Pilot's broad assertion that the attorney-client privilege and work product doctrine protected the documents requested by Black, and the number of cases relied on by Pilot that had to be researched by Black, which the court ultimately found unpersuasive, 21.5 hours is a reasonable amount of time to prepare the motion to compel, the brief in support, and the reply brief.

The hourly rates charged by Black's attorneys and paralegal are reasonable for this jurisdiction. While 21.5 hours is a significant amount of

time, the court will balance the number of hours charged in drafting the motion to compel by not awarding fees and expenses incurred in drafting this motion for sanctions. After reviewing Pilot's conduct regarding the discovery of these documents, the court agrees that an award of $3,618.80 is appropriate. Accordingly, it is

ORDERED that plaintiff's motion for sanctions (Docket 37) is granted in part and denied in part. Plaintiff is awarded judgment in the amount of $3,618.80.

Dated August 4, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE